# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTOPHER KNIGHT,**

     **Plaintiff,**

-vs-             **Case No.  6:10-cv-499-Orl-28DAB**

**ASPHALT RESTORATION
TECHNOLOGY SYSTEMS, INC.,
CONNIE LORENZ,**

     **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 21)** |
| **FILED:** | **August 1, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on September 7, 2011 with counsel for both parties present in the courtroom.

Based on the Plaintiff's responses to the Court's Interrogatories and representations made at the hearing, Plaintiff was employed by Defendant as a laborer and driver from June 2008 to June 2009. Doc. 14-1. Plaintiff sought $1,007.76 for overtime, plus an equal amount in liquidated damages. Doc. No. 21. The settlement to Plaintiff of $1,007.76 in unpaid wages represents 100% of the principal amount Plaintiff sought, but includes no recovery for liquidated damages, which Plaintiff stipulated in the settlement he was not owed. Doc. 21.

Defendants, in their Answer and Defenses, asserted that (1) the Plaintiff was paid for all hours worked and did not work through lunch when time for lunch was deducted; and (2) as the Defendants' actions were in good faith and there was no evidence of a willful violation, the Plaintiff could neither pursue liquidated damages nor a three-year limitations period. Doc. 21. Plaintiff acknowledged that his "likelihood of success on the merits was at best uncertain." Doc. 21.

The parties have agreed that Defendant will pay Plaintiff's attorneys $9,992.24 in attorney's fees and costs.  While this total is distressingly high, given the amount in dispute, it is the inevitable result of a litigated case. Mr. Adams has stated that his hourly rate charged in previous FLSA cases is $300, and he has been awarded $250 in several cases filed in the Middle District.  *See* Doc. 23-1 at 2.  Mr. Adams submitted detailed time records for 47.6 hours and 38.6 hours of his paralegal, billed at $95 per hour, for total attorney's fees accrued of $15,567.  Doc. 23-1.  Costs in this case totaled $985 for filing fee, service of process, and court reporter charges.  Doc. 23-1.  The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case given the full amount incurred.

Settlement in the amount of **$1,007.76** to Plaintiff for unpaid wages, and **$9,992.24** for attorney's fees and costs is a fair and reasonable settlement.  It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 8, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy